E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 14 2020 9:42 AM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-05888-8

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| REBECCA J. LEEPER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TACOMA, a municipal corporation; TEL C. THOMPSON, and JOHN DOES 1-5, in their individual capacities,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff Rebecca J. Leeper, by and through her attorneys of record, Joshua R. Brumley of Brumley Law Firm, PLLC, and Loren A. Cochran and Nicholas B. "Cole" Douglas of Cochran Douglas Law, and hereby alleges as follows:

**I.    PARTIES**

1.1    Plaintiff Rebecca J. Leeper was a resident of Pierce County, Washington at all times relevant to this action.

1.2    Defendant City of Tacoma is a Washington municipal entity with police powers existing pursuant to the Washington State Constitution and the Constitution of the United States. Defendant City of Tacoma is responsible for formulating and implementing the Tacoma

COMPLAINT FOR DAMAGES

1 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

Police Department's ("TPD") policies and procedures and ensuring its officers are properly and adequately trained.

1.3    It is believed and therefore alleged that Defendant Tel C. Thompson is a resident of Pierce County, Washington State who worked for the City of Tacoma at all times material hereto and held the position of Police Officer for TPD.

1.4    It is believed and therefore alleged that John Does 1-5 worked for or were otherwise intricately involved in the TPD at all times material hereto and/or held positions at TPD and were involved in the specific facts which led to the injuries suffered by Plaintiff.

## II.    JURISDICTION AND VENUE

2.1    Venue is proper in Pierce County under RCW 4.12.020.

2.2    Jurisdiction is proper under RCW 4.96.010 and 4.96.020.  A City of Tacoma claim for damages form was presented to the City of Tacoma, City Clerk's Office as directed on the tort claim form.  More than sixty (60) calendar days have elapsed since the filing of the tort claim form such that filing of this action in allowed pursuant to Pursuant to RCW 4.96.020.

## III.    JURY DEMAND

3.1    Plaintiff hereby demands a jury trial on the causes of action set forth herein.

## IV.    STATEMENT OF FACTS

4.1    In 2017, Defendant Tel C. Thompson was employed by the Tacoma Police Department as an active duty police officer.

4.2    During that same time period, Defendant Thompson was assigned by TPD to provide increased security as an off-duty officer at various Fred Meyer store locations across the City of Tacoma.  In this role, Defendant Thompson wore his complete TPD uniform, and represented himself as a TPD officer.

4.3    Plaintiff Rebecca J. Leeper was an employee of Fred Meyer in 2017, working as a Loss Prevention Manager, at the 4505 South 19th Street store location.  During the relevant time periods, Defendant Thompson was assigned by TPD to provide security at that same store.

COMPLAINT FOR DAMAGES

2 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

4.4     Starting in November 2017, Plaintiff Leeper became aware of Defendant Thompson exhibiting aggressive, confrontational behavior that was usually colored with overt sexualized comments.  For example, Defendant Thompson made inappropriate sexual comments to a male Fred Meyer employee's girlfriend.  On another occasion, Defendant Thompson made baseless accusations that Fred Meyer employees had been watching pornography during a web-based training session.

4.5     In response, Plaintiff Leeper reported Defendant Thompson's regular inappropriate behaviors to her supervisor and asked that he be removed as an off-duty police officer assigned to the store.  Plaintiff Leeper's supervisor then reported the concerning behavior to TPD.

4.6     At this point in time, TPD already had notice that Defendant Thompson had a history of being overly confrontational and exhibiting inappropriate sexualized conduct based on prior allegations and reports.  For example, near or around 2016, chaperons from Eatonville High School reported to TPD that Defendant Thompson made inappropriate comments about students having sex and female students wearing suggestive clothing, while providing security as an off-duty police officer at the high school.

4.7     Despite possessing this information and being aware of the danger that Defendant Thompson posed, TPD merely removed Defendant Thompson from providing off-duty security work at high schools, and instead assigned him to provide security for the Fred Meyer stores.

4.8     In a similar unresponsive fashion, after learning of the new allegations from Plaintiff Leeper's supervisor, TPD merely reassigned Defendant Thompson to another Fred Meyer store location. At no point did TPD ever remove Defendant Thompson from off-duty assignment or active duty rotation.

4.9     Near or around July 15, 2018, Plaintiff Leeper was again working at the Fred Meyer store on South 19th Street conducting an internal audit.  As she entered the Loss

COMPLAINT FOR DAMAGES

3 of 9

Brumley Law Firm, PLLC
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

Prevention office, Defendant Thompson jumped out from behind a door where he was hiding in an effort to frighten and embarrass Plaintiff Leeper. Defendant Thompson was wearing his full police uniform at the time. He had his badge, handcuffs, flashlight, and TPD sanctioned firearm on his person.

4.10     Defendant Thompson grabbed Plaintiff Leeper from behind, hugging her and stating that he missed seeing her. Defendant Thompson then proceeded to grab and slap Plaintiff Leeper's breasts, all while exclaiming, "look at these tits; they're huge" to everyone in the room.

4.11     Defendant Thompson then grabbed Plaintiff Leeper's bra straps and aggressively shook them up and down repeatedly, in an attempt to make her breasts bounce and jiggle.

4.12     After physically and sexually assaulting Plaintiff Leeper, Defendant Thompson displayed a picture of his penis on his phone, and then thrust his pelvis back and forth soliciting an invitation to tap his genitals.

4.13     The following day, Plaintiff Leeper reported the sexual assault and harassment to her supervisor, who again forwarded the information to TPD. Defendant Thompson was ultimately removed from the Fred Meyer off-duty account, and upon information and belief, has since been terminated from his position as a police officer with TPD.

4.14     As a direct and proximate result of the sexual assault and harassment that Plaintiff Leeper experienced, she has suffered significant damages, including but not limited to symptoms of depression and anxiety, feelings of shame, fear, anger, sadness, and embarrassment, as well as physical health problems, hypervigilance and irritability.

## V.     CAUSES OF ACTION

**A.     FIRST CLAIM FOR RELIEF - 42 U.S.C. §1983**

Defendant Thompson

   **1)     Fourteenth Amendment:**

   5.1     Plaintiff re-alleges the paragraphs set forth above.

COMPLAINT FOR DAMAGES

4 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

5.2     At all times material, Defendant Thompson, acting under color of state law and in his individual capacity, had a duty to refrain from depriving Plaintiff Leeper of her Constitutional rights.

5.3     The Fourteenth Amendment encompasses the expectation of bodily integrity and privacy, and it applies to local governmental actors like Defendant Thompson.

5.4     Defendant Thompson breached the Fourteenth Amendment by intentionally, recklessly and/or deliberately indifferent by engaging Plaintiff Leeper in acts of sexual assault and harassment.

5.5     As a result of these constitutional violations, Plaintiff Leeper suffered physical, mental and emotional injuries

**B.     SECOND CLAIM FOR RELIEF – 42 U.S.C. §1983**

<u>Defendant City of Tacoma and Does 1-5</u>

5.6     Plaintiff re-alleges the paragraphs set forth above.

5.7     At all times material, Defendant City of Tacoma and its local governmental policy makers, acting under color of state law, had a duty to refrain from depriving Plaintiff Leeper of her Constitutional rights.

5.8     Acting under color of law, Defendant City of Tacoma and its policy makers acted with deliberate indifference for Plaintiff Leepers's Constitutional rights by failing to promulgate, issue and enforce appropriate procedures and regulations concerning its off-duty police officer security program; in addition, Defendant City of Tacoma had actual knowledge of past complaints of against its police officer, Defendant Thompson, and yet the City deliberately continued to assign him out for extra duty assignments.

5.9     By failing to promulgate, issue and enforce appropriate procedures and regulations concerning its off-duty police officer security program, Defendants City of Tacoma and Does 1-5 acted with reckless and deliberate indifference to the Constitutional rights of Plaintiff Leeper and the other individuals working and shopping at Fred Meyer.

COMPLAINT FOR DAMAGES

5 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

5.10 As a result of these constitutional violations, Plaintiff Leeper suffered physical, mental and emotional injuries.

## C. THIRD CLAIM FOR RELIEF -- NEGLIGENT AND GROSSLY NEGLIGENT HIRING, TRAINING, AND SUPERVISION OF EMPLOYEES AND AGENTS

Defendant City of Tacoma and Does 1-5

5.11 Plaintiff re-alleges the paragraphs set forth above.

5.12 Defendant City of Tacoma has a duty to use reasonable care in hiring, training and supervising its employees and agents, including Defendant Thompson.

5.13 Defendant City of Tacoma breached this duty in a negligent and grossly negligent manner.

5.14 As a proximate result of Defendant's breach, Plaintiff Leeper was significantly injured by Defendant Thompson.

## D. FOURTH CLAIM FOR RELIEF – ASSAULT AND BATTERY

Defendant Thompson

5.15 Plaintiff re-alleges the paragraphs set forth above.

5.16 Defendant Thompson intentionally sexually assaulted Plaintiff Leeper without any provocation, license or justification.

5.17 The acts of Defendant Thompson were done with intent to cause harmful or offensive contact or an apprehension by plaintiff of such contact.

5.18 Defendant Thompson's conduct toward Plaintiff Leeper also constitutes battery.

5.19 As a direct and proximate result of Defendant Thompson's conduct, Plaintiff Leeper sustained general and special damages.

## E. FIFTH CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant Thompson

5.20 Plaintiff re-alleges the paragraphs set forth above.

5.21 Defendant Thompson engaged in extreme and outrageous conduct by sexually assaulting Plaintiff Leeper.

COMPLAINT FOR DAMAGES

6 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

5.22  As a direct and proximate result of this extreme and outrageous conduct, Plaintiff Leeper has suffered severe emotional and psychological distress. Her emotional damages include mental anguish, humiliation and emotional and physical distress.

5.23  Also, as a direct and proximate result of this extreme and outrageous conduct, Plaintiff Leeper has suffered and continues to suffer severe emotional and psychological distress, including severe mental anguish, humiliation and outrage.

## F.  SIXTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendant City of Tacoma and Does 1-5

5.24  Plaintiff re-alleges the paragraphs set forth above.

5.25  Defendants City of Tacoma and Does 1-5 owed Plaintiff a duty to use reasonable care. Defendants breached this duty through the negligent acts described above.

5.26  Defendants' breach was the proximate cause of emotional distress which was manifested through Plaintiff Leeper.

## G.  SEVENTH CLAIM FOR RELIEF-- RESPONDEAT SUPERIOR

Defendant City of Tacoma

5.27  At all times material herein, Defendant City of Tacoma was responsible for the actions of its agents and employees under the theory of respondeat superior.

## VI.  RESERVATION OF RIGHTS

6.1  Reservation of Rights. Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

## VII.  PRAYER FOR RELIEF

WHEREFORE Plaintiff, having asserted claims for relief, now prays for judgment against Defendants as follows:

1. For compensatory damages, future damages and punitive damages in an amount to be proven at trial.

2. For costs and attorneys' fees, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

COMPLAINT FOR DAMAGES

7 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

3. For such other and further relief as the Court deems just and proper.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

DATED this 13th day of April 2020.

                              BRUMLEY LAW FIRM, PLLC

                              s/Joshua R. Brumley, WSBA#49851
                              1303 Central Avenue South, Suite 201
                              Kent, Washington 98032
                              253-236-4079
                              Joshua@Brumleylawfirm.com
                              Attorneys for Plaintiff

//

//

//

//

//

COMPLAINT FOR DAMAGES

8 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com

| | |
|---|---|
| 1 | COCHRAN DOUGLAS LAW |
| 2 | |
| 3 | s/Nicholas B. "Cole" Douglas, WSBA#49786 |
|   | Loren A. Cochran, WSBA No. 32773 |
| 4 | Nicholas B. "Cole" Douglas, WSBA No. 49786 |
|   | 4826 Tacoma Mall Blvd, Suite C |
| 5 | Tacoma, Washington 98409 |
|   | 253-472-7777 |
| 6 | loren@cochrandouglas.com |
|   | cole@cochrandouglas.com |
| 7 | Attorney for Plaintiffs |

COMPLAINT FOR DAMAGES

9 of 9

**Brumley Law Firm, PLLC**
1303 Central Avenue South, Suite 201
Kent, Washington 98032
253-236-4079
Joshua@Brumleylawfirm.com