UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| REBECCA J. LEEPER, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF TACOMA, a municipal corporation; TEL C. THOMPSON, and JOHN DOES 1-5, in their individual capacities,<br><br>　　　　　　　　　Defendants. | No. 3:20-cv-05467-BHS-DWC<br><br>DEFENDANT CITY OF TACOMA'S MOTION FOR FRCP 35 EXAMINATION OF PLAINTIFF<br><br>Noted for: January 15, 2021 |

## **MOTION**

COMES NOW the defendant City of Tacoma, by and through its undersigned attorneys, and hereby moves this Court for an order requiring that plaintiff be examined pursuant to Fed. R. Civ. Pro. 35. Additionally, to the extent it is necessary, the defendant City of Tacoma moves for an extension of the deadline for disclosure of rebuttal expert opinions only for purposes of the expert retained for the Rule 35 examination. This motion is brought pursuant to Fed. R. Civ. Pro. 35(a), LCR 7 and LCR 16(b)(6), and is based on the Declaration of Jean P. Homan, and on the records and pleadings on file herein.

MOTION FOR RULE 35 EXAMINATION
Page 1 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755


# MEMORANDUM

## I. Statement of the Case

Plaintiff commenced the instant litigation in the Pierce County Superior Court in April of 2020; the defendants thereafter removed the matter to this Court on the basis of federal question jurisdiction. Dkt. 1. In this matter, plaintiff has asserted claims against both the City of Tacoma and former Tacoma police officer Tel Thompson for alleged violations of her Fourteenth Amendment right to bodily integrity, along with a number of state tort claims. Id. These claims arise from an alleged assault and sexual harassment by Thompson while Thompson was working an approved off duty job at Fred Meyers. Id. After the Police Department was advised of the alleged assault, an investigation was conducted and Thompson's employment with the Department was terminated. Id.

Pursuant to the Court's scheduling order, the parties exchanged initial disclosures on July 1, 2020. In her initial disclosures, plaintiff did not identify any healthcare providers or expert witnesses, nor did she disclose the presence of any particular physical or psychological condition allegedly sustained as a result of the incidents upon which this lawsuit is based. Exhibit 1 to the Declaration of Jean P. Homan (hereinafter Homan Declaration). In October 2020, the City propounded discovery requests to the plaintiff; plaintiff's answers and responses to these discovery requests were served on the City on December 4, 2020. Exhibit 2 to Homan Declaration. In its discovery requests, the City specifically asked the plaintiff to describe all injuries (physical and psychological) that she had allegedly sustained as a result of the incidents upon which the lawsuit was based. Id. at p. 12 (Interrogatory

MOTION FOR RULE 35 EXAMINATION
Page 2 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

No. 11). In her answer, plaintiff described her emotional distress and indicated that she did have some counseling, but discontinued it due to financial concerns. Id. In her answer, plaintiff did not, however, identify any specific medical or psychological conditions with which she had been diagnosed as a result of the incidents upon which this suit is based. Additionally, the City asked the plaintiff to produce all documents that support or relate to her claimed damages. Id. at p. 14 (Request for Production No. 8). Plaintiff did not produce any documents in response to this request. Id. Finally, in its discovery requests, the City asked plaintiff to disclose the opinions to be offered by any expert witnesses in this matter, including opinions to be offered by treating healthcare providers. Id. at p. 23 (Interrogatory No. 15). In response to this interrogatory, plaintiff identified two retained experts – Sue Peters, a liability expert, and Phoebe Mulligan, a licensed clinical social worker. Id. Plaintiff did not, however, disclose any opinions by either of these experts, stating instead that "discovery is ongoing." Id.

Two and a half weeks later, on Thursday, December 24, 2020, per the Court's scheduling order, plaintiff served the defendants with their primary experts' opinions. Exhibit 3 to Homan Declaration. Included in plaintiff's primary expert disclosure is a 10 page report from Phoebe Mulligan, in which Ms. Mulligan diagnoses plaintiff with Post-Traumatic Stress Disorder, Panic Disorder and Attention Deficit Disorder. Id. Although Ms. Mulligan's report is dated December 20, 2020, *it is based on an evaluation that that Ms. Mulligan conducted on July 29, 2020*. Id. Thus, the information contained in this report was available to plaintiff at the time her answers to the City's discovery requests were completed.

MOTION FOR RULE 35 EXAMINATION
Page 3 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

The following Monday, December 28, 2020, defense counsel for the City reached out to plaintiff's counsel about scheduling plaintiff for a defense Rule 35 examination.  See Exhibit 4 to Homan Declaration.  When plaintiff's counsel indicated that he would not agree to the defense examination, counsel for the plaintiff and the City met telephonically to discuss the issue.  Homan Declaration. Unfortunately, the parties were not able to reach an agreement and the City indicated that it would bring the instant motion.

Therefore, the City hereby moves for an order, requiring plaintiff to undergo a psychological examination by *Douglas Robinson, M.D., to be conducted by Zoom or another remote video-conferencing platform, on February 1, 2021, at 11:00*, as described more fully in counsel's declaration.

**II.    Analysis**

Rule 35(a) requires that the mental or physical condition of the party be "in controversy" and that there be "good cause" for ordering the examination[1]. Fed. R. Civ. P. 35(a); Schlagenhauf v. Holder, 379 U.S. 104, 119, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).  Rule 35 is to be construed liberally in favor of granting discovery.  Rivas v. Fishing Co. of Alaska, Inc., 2009 U.S.Dist. LEXIS 56519*3 (W.D. Wa. 2009)(citing Turner v. Imperial Stores, 161 F.R.D. 89, 96 (S.D. Cal. 1995)).  See also Mailhoit v. Home Depot U.S.A., Inc., 2013 U.S. Dist. LEXIS 201990, at *10-11, 2013 WL 12122580 (C.D. Cal. Jan. 4, 2013)(citing Schlagenhauf v. Holder, 379 U.S. 104, 115-117, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964)).  "While Rule 35 should be construed

---

[1] The rule also requires that the proffered examiner be suitably licensed or certified and that the order must specify the time, place, manner, conditions and scope of the examination.  FRCP 35(a).

MOTION FOR RULE 35 EXAMINATION  
Page 4 of 8  
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney  
Civil Division  
747 Market Street, Room 1120  
Tacoma, WA 98402-3767  
253-591-5885 / Fax 253-591-5755

liberally in favor of granting discovery, its application is left to the sound discretion of the court." Simpson v. Univ. of Colorado, 220 F.R.D. 354, 362 (D. Colo. 2004).

As outlined herein, the plaintiff's mental condition is at issue and there is good cause for the requested examination. To begin, plaintiff put her mental condition in controversy by identifying a forensic expert who has diagnosed her with at least two psychiatric conditions that plaintiff appears to claim were caused by the defendants' conduct[2]. Generally, "garden variety" emotional distress claims are not sufficient to place a person's mental state in controversy, but an expert opinion identifying specific mental psychiatric injuries or disorders allegedly caused by the defendants' conduct is sufficient to satisfy the "in controversy" requirement. Mailhoit, 2013 U.S. Dist. LEXIS 201990 at *11-12 (citing Turner, 161 F.R.D. at 97). In the instant case, given plaintiff's disclosure of Ms. Mulligan's opinions, there really can be no question that her mental state is in controversy.

Further, plaintiff's disclosure of a retained expert's opinions on her mental state satisfies the "good cause" requirement:

> Plaintiff does not context that her mental condition is "in controversy"
> nor does she deny that she plans to present Dr. Reading as an expert
> at trial. As noted above, these factors provide "good cause" to order a
> Rule 35 examination.

Mailhoit, 2013 U.S. Dist. LEXIS 201990 at *15 (citing Turner, 161 F.R.D. at 97-98). The need for a defense examination is highlighted by the fact that plaintiff retained a forensic mental health professional who did both a clinical interview and administered

---

[2] The report is not sufficiently clear as to whether Ms. Mulligan attributes the conditions she has diagnosed solely to Thompson's behavior or if she is claiming that the City's alleged conduct caused these conditions.

MOTION FOR RULE 35 EXAMINATION
Page 5 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

psychological tests in order to formulate her opinions. Thus, absent a defense examination of the same scope and type, the City will have no way to rebut the opinions offered by plaintiff's retained expert, which will unfairly prejudice the City's ability to prepare its defense in this matter. Like the "in controversy," there really is no question that there is good cause for the requested examination.

Plaintiff does not claim that her mental state is not in controversy, nor does she claim that there is no good cause for the requested examination. Instead, as articulated by plaintiff's counsel during the telephone conference, plaintiff believes that any Rule 35 examination would necessarily be a primary expert and the City's request is not timely, since the deadline for disclosure of primary expert opinions has passed. Plaintiff's argument, however, is flawed in two ways. First, plaintiff is incorrect in that a Rule 35 defense examiner cannot be a rebuttal witness. As expressly allowed by the rules, a rebuttal expert is an expert whose opinions are "intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ. Pro. 26(a)(2)(D)(ii). See also Sharma v. City of Vancouver, No. C06-05688BHS, 2008 U.S. Dist. LEXIS 48430, at *5-6 (W.D. Wa. June 17, 2008). Since the City's retained examiner is being asked to evaluate the plaintiff and formulate opinions intended to contradict and/or rebut Ms. Mulligan's opinions, the defense CR 35 examiner is a proper rebuttal witness.

Second, the City's request is not untimely. Had the plaintiff agreed to the defense examination, the examination would have occurred in January and Dr. Robinson would have been able to produce his opinions by the deadline set by the Court for disclosure of rebuttal expert opinions. Homan Declaration. It is only

MOTION FOR RULE 35 EXAMINATION
Page 6 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

because the City had to bring the instant motion that the City is not able to conform with the current deadline for disclosure of rebuttal expert opinions.  Moreover, as this Court has noted in the past, the deadline for seeking a Rule 35 examination is not necessarily governed by the deadline for disclosing expert testimony. Sharma, 2008 U.S. Dist. LEXIS  48430 at *8-9 ("The Court is not persuaded that the deadline for conducting Rule 35 examinations is governed by the deadline for disclosing expert testimony.").  Thus, to the extent it is necessary, the City also seeks a 30-day extension of the deadline for disclosure of rebuttal expert opinions for Dr. Robinson only[3], pursuant to LCR 16(b)(6), as the need to bring the instant motion is good cause for the requested extension.

For these reasons, the City requests that this Court order that plaintiff participate in the psychological examination by Dr. Robinson on February 1, 2021, at 11 am, to include both a clinical interview and the psychological testing that Dr. Robinson deems necessary based on his clinical examination.  Additionally, the City seeks a 30-day extension of the deadline for disclosure of rebuttal expert witnesses for disclosure of Dr. Robinson's opinions only.

                                         WILLIAM C. FOSBRE, City Attorney

By:   */s/ Jean Homan*
        JEAN P. HOMAN
        WSBA #27084
        Deputy City Attorney
        Attorney for Defendant City of Tacoma

---

[3] The City's liability rebuttal expert's opinions will be disclosed by the current deadline for disclosure of rebuttal expert opinions, January 26, 2021.

MOTION FOR RULE 35 EXAMINATION
Page 7 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

# CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| Attorneys for Plaintiff | Attorney for Def. Thompson |
|---|---|
| Joshua R. Brumley<br>Brumley Law Firm, PLLC<br>1303 Central Avenue South, Suite 201<br>Kent, WA 98032<br>Joshua@Brumleylawfirm.com<br><br>Nicholas B. "Cole" Douglas<br>Loren A. Cochran<br>Cochran Douglas Law<br>4826 Tacoma Mall Blvd, Suite C<br>Tacoma. WA 98409<br>loren@cochrandouglas.com<br>cole@cochrandouglas.com | Shannon L. Trivett<br>Robin Williams Phillips,<br>Lasher Holzapfel Sperry & Ebberspn, PLLC Attorneys at Law<br>2600 Two Union Square 601 Union Street<br>Seattle, WA 98101<br>trivett@lasher.com |

DATED this 20th day of December, 2020, at Tacoma, Washington.

/s/ Gisel Castro
Gisel Castro, Legal Assistant
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA  98402
(253) 591-5499
Fax: (253) 591-5885

MOTION FOR RULE 35 EXAMINATION
Page 8 of 8
(3:20-cv-05467-BHS-DWC)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755