UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA J. LEEPER,

        Plaintiff,

v.

CITY OF TACOMA, et al.,

        Defendant.

CASE NO. 3:20-CV-5467-BHS-DWC

ORDER GRANTING MOTION TO COMPEL RULE 35 EXAMINATION

The District Court referred this case to United States Magistrate Judge David W. Christel. This matter comes before the Court on Defendant, the City of Tacoma's (the City's), Motion to Compel a Rule 35 Examination of Plaintiff. Dkt. 15. Plaintiff's objects. Dkt. 18. For the reasons discussed below the motion is granted.

## **BACKGROUND**

On April 13, 2020, Plaintiff filed a Complaint for Damages against multiple defendants including the City of Tacoma, Tel Thompson, and John Does 1-5, in Pierce County Superior Court, for injuries she sustained as a result of being sexually assaulted by Tel Thompson on July

ORDER GRANTING MOTION TO COMPEL
RULE 35 EXAMINATION - 1

17, 2018.[1] Dkt. 1-1. She alleges that "[a]s a direct and proximate result of the sexual assault and harassment [Plaintiff] experienced, she has suffered significant damages, including but not limited to symptoms of depression and anxiety, feelings of shame, fear, anger, sadness, and embarrassment, as well as physical health problems, hypervigilance and irritability." *Id*.

Plaintiff seeks relief under the following theories: 42 U.S.C. § 1983, Negligence and Gross Negligence, Assault and Battery, Intentional Infliction of Emotional Distress (IIED), Negligent Infliction of Emotional Distress (NIED), and Respondeat Superior. *Id*.

On May 19, 2020, the City removed Plaintiff's case to this Court. Dkt. 1.

On May 26, 2020, the City filed its Answer to Plaintiff's Complaint for Damages. Dkt. 6.

On July 1, 2020, this Court issued an Initial Pretrial Scheduling Order which included a December 24, 2020, deadline for Disclosure of Expert Reports under FED. R. CIV. P. 26(a)(2). Dkt. 11. The deadline for disclosing Rebuttal Expert Reports is currently January 26, 2021. *Id*. The deadline for completing discovery is March 12, 2021. *Id*.

On December 24, 2020, Plaintiff served the City with her primary expert witness reports, including a 10-page report from Phoebe Mulligan, licensed clinical social worker. Dkt. 18 at 6.

---

[1] The Complaint states that "On July 17, 2018, Plaintiff Rebecca Leeper was at the South 19th Street Fred Meyer store location in Tacoma, Washington, working in her role as a Loss Prevention Manager.1 Tacoma Police Department ("TPD") officer Defendant Tel Thompson was also working at that same store location that day providing off-duty security services. As Rebecca entered the Loss Prevention office, Defendant Thompson, wearing his full TPD uniform, jumped out from behind a door and grabbed Rebecca from behind.

Defendant Thompson then proceeded to grab and slap Rebecca's breasts, while exclaiming, "look at these tits; they're huge" to everyone in the room. Defendant Thompson then grabbed Rebecca's bra straps and aggressively shook them up and down repeatedly, in an attempt to make Rebecca's breasts bounce and jiggle. After physically and sexually assaulting Rebecca, Defendant Thompson displayed a picture of his penis on his phone, and then thrust his pelvis back and forth soliciting an invitation to Rebecca to tap his genitals." Dkt. 1-1.

On the next business day, December 28, 2020, the City notified Plaintiff's counsel that it would soon be scheduling a Rule 35 examination of Plaintiff. Dkt. 18 at 6. Plaintiff's counsel objected. *Id.*

On December 31, 2020, the City filed the motion at bar. Dkt. 15. On January 11, 2021, Plaintiff responded in opposition to the City's motion. Dkt. 18. The City replied on January 15, 2021. Dkt. 20.

## STANDARDS

Rule 35 provides that the Court "may order a party whose mental or physical condition . . . . is in controversy to submit to a physical or mental examination . . . ". FED. R. CIV. P. (Rule) 35(a). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." *Id*. The moving party has the burden to show that the condition for which the examination is sought is "in controversy," and "good cause" exists for the examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

## DISCUSSION

I.  **Plaintiff's mental state was always "in controversy."**

According to the City, it did not know plaintiff's mental state was "in controversy" until Plaintiff disclosed her expert witness report on December 24, 2020. Dkt. 15 at 5. Plaintiff counters that her mental state has always been in controversy since the moment she filed her complaint. This Court concurs with Plaintiff.

Plaintiff specifically alleges claims of emotional distress caused by sexual assault. On December 4, 2020, in response to a discovery request, Plaintiff provided the City with a two-page, single-spaced document describing her injuries as "severe depression," anxiety, feelings of shame, fear, anger, sadness, and embarrassment, "severe hypervigilance, irritability, and physical

health problems" as a result of the sexual assault. Dkt. 18 at 4-5. Plaintiff further states that she experienced extreme emotional and psychological distress that resulted in trouble sleeping and the development of nightmares. *Id*.

The City's claim of ignorance that Plaintiff's injuries involve severe mental injury is disingenuous. This Court concurs with Plaintiff that the City was put on notice of Plaintiff's mental injury the day she filed her Complaint.

## II.    Nevertheless, "good cause" exists to permit the City's Rule 35 request.

According to the City, even though the Rebuttal Witness Disclosure (rebuttal) deadline will have passed before Douglas Robinson, M.D. (Dr. Robinson) has availability to perform a Rule 35 examination (currently scheduled for February 1, 2021), good cause exists to order the examination, and extend the rebuttal deadline by 30 days.

Plaintiff counters that the City's request is untimely insofar as it comes after the Expert Witness Disclosure deadline (which was December 24, 2020) and if the Court permits an extension of the rebuttal deadline Plaintiff will be prejudiced. Dkt. 18 at 2, 10-15.

First, this Court notes that if Plaintiff had initially agreed to the City's request (made on December 28, 2020), the Rule 35 examination and rebuttal report would likely have been completed before the current rebuttal deadline of January 26, 2021.

Second, Rule 35 does not proscribe post-disclosure deadline examinations. The case of *Sharma v. City of Vancouver,* 3:06-CV-05688-BHS, 2008 WL 11343467, at *3 (W.D. Wash. June 17, 2008), is persuasive on this point. In *Sharma*, the Honorable Benjamin H. Settle reasoned that since the deadline for disclosing expert witnesses precedes the deadline for completing discovery, "the deadline for conducting Rule 35 examinations is [not] governed by the deadline for disclosing exert testimony." *Id*. Although Judge Settle denied the defendant's

Rule 35 motion in *Sharma*, he did so because it would take place after the close of *all* discovery, thereby frustrating the purpose behind scheduling deadlines and impeding the progression of that case.

Here, by contrast, although the requested Rule 35 order would take place after the close of the rebuttal deadline, it would still occur before the close of discovery on March 12, 2021. Dkt. 11. The City seeks a 30-day extension of the rebuttal deadline to permit Dr. Robinson to prepare his rebuttal expert report following the Rule 35 examination of Plaintiff. A 30-day extension would move the rebuttal deadline to February 25, 2021. This Court finds no reason to conclude other current deadlines would be impacted by this brief extension, or that this extension would impede the orderly progression of this case. Although this Court appreciates Plaintiff's concern that this extension will prejudice her case by disrupting the timing of pretrial filings and disclosures, this Court respectfully disagrees.

Finally, this Court need not decide whether Dr. Robinson's rebuttal opinion—not yet written—will in fact be a case-in-chief expert opinion masquerading as a rebuttal, thereby preventing Plaintiff from rebutting Dr. Robinson and so forth, as Plaintiff fears. Dkt. 18 at 10-13; *see e.g. Grove City Veterinary Serv., LLC v. Charter Practices, Int'l LLC*, 3:13-CV-2276-AC, 2016 WL 1573830, at *15-16 (D. Or. Apr. 19, 2016) (stating "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party," and, "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief then the witness is not a rebuttal witness or anything analogous to one.'"). Once the City discloses Dr. Robinson's opinion, Plaintiff may take this issue up with the trial judge via an appropriate motion or motion *in limine*.

**CONCLUSION**

The City's Motion to Compel a Rule 35 Examination (Dkt. 15) is GRANTED. The deadline for disclosure of "Rebuttal Expert Reports" is February 25, 2021. All other dates in the Initial Pretrial Scheduling Order (Dkt. 11) are unchanged.

Dated this 21st day of January, 2021.

David W. Christel
United States Magistrate Judge