**HONORABLE BENJAMIN SETTLE**

**HONORABLE DAVID W. CHRISTEL**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA J. LEEPER, an individual,

                  Plaintiff,

    vs.

CITY OF TACOMA, a municipal
corporation; TEL C. THOMPSON, and
JOHN DOES 1-5, in their individual
capacities,

                Defendants.

NO. 3:20-cv-05467-BHS

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DEFENDANTS' AFFIRMATIVE
DEFENSES

**NOTING DATE:  APRIL 30, 2021**

## I.    INTRODUCTION

Plaintiff Rebecca Leeper respectfully asks that this Court grant her motion for partial summary judgment regarding defendants' affirmative defenses (1) no causation and (2) failure to mitigate.

## II.    RELEVANT FACTS

### A.    Plaintiff Rebecca Leeper's July 17, 2018 Sexual Assault

On July 17, 2018, Plaintiff Rebecca Leeper was at the South 19th Street Fred Meyer store location in Tacoma, Washington, working in her role as a Loss Prevention Manager.[1]

---

[1] NBD Decl. at Ex. 1.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES

1 of 11 | No. 3:20-cv-05467-BHS



4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Tacoma Police Department ("TPD") officer Defendant Tel Thompson was also working at that same store location that day providing security services.[2] As Rebecca entered the Loss Prevention office, Defendant Thompson, wearing his full TPD uniform, jumped out from behind a door.[3]

Defendant Thompson then proceeded to grab and slap Rebecca's breasts, while exclaiming, "look at these tits; they're huge" to everyone in the room.[4] Defendant Thompson then grabbed Rebecca's bra straps and aggressively shook them up and down repeatedly, in an attempt to make Rebecca's breasts bounce and jiggle.[5]  After physically and sexually assaulting Rebecca, Defendant Thompson displayed a picture of his penis on his phone, and then thrust his pelvis back and forth soliciting an invitation to Rebecca to tap his genitals.[6]

In response to Defendant Thompson's actions, TPD initiated two separate Internal Affairs investigations, both of which revealed that Defendant Thompson would regularly display inappropriate conduct while providing security services at Fred Meyer.[7] Defendant Thompson would show nude photos of he and his wife engaged in sexual intercourse to Fred Meyer staff, he would show pornographic videos of women being "fisted" in their genitals, he would make sexual innuendos to Fred Meyer customers, and he would regularly make numerous female Fred Meyer employees feel so uncomfortable that Rebecca herself had to ask TPD to no longer assign Defendant Thompson to work at her regular Fred Meyer store.[8]

As a result of his behaviors, Defendant Thompson was terminated from TPD.[9] In documents associated with his termination, Assistant Chief of Police Ed Wade specifically noted that "anyone witnessing this type of behavior by a uniformed police officer would be

---

[2] *Id.* at Exs. 1; 2.
[3] *Id.* at Exs. 2; 3, 87:21-89:2.
[4] *Id.* at Exs. 2; 3, 89:20-91:1.
[5] *Id.*
[6] *Id.* at Exs. 2; 3. 93:6-94:7.
[7] *Id.* at Exs. 2; 4.
[8] *Id.*
[9] *Id.* at Ex. 5, 77:13-78:7.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES

2 of 11 | No. 3:20-cv-05467-BHS

COCHRAN
DOUGLAS
Attorneys at Law

4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

shocked" and that "it was clear from Rebecca Leeper's interview that the incident left her 'shocked, embarrassed, kind of dumbfounded…'"[10]

Following her sexual assault, Rebecca attended six (6) separate outpatient mental health counseling sessions for follow-up care, which were paid for by her employer.[11]   Once her employer stopped paying for therapy, she was forced to discontinue treatment due to financial constraints.[12]

**B.     Procedural Posture**

    1.     <u>Plaintiff's Complaint</u>

On April 13, 2020, Plaintiff Rebecca Leeper filed a Complaint for Damages against Defendants City of Tacoma (the "City"), Tel Thompson, and John Does 1-5 in Pierce County Superior Court for injuries sustained as a result of her July 17, 2018 sexual assault.[13]   In her complaint, she alleged that "[a]s a direct and proximate result of the sexual assault and harassment that Plaintiff [] experienced, she has suffered significant damages, including but not limited to symptoms of depression and anxiety, feelings of shame, fear, anger, sadness, and embarrassment, as well as physical health problems, hypervigilance and irritability."[14]

    2.     <u>Defendants' Affirmative Defenses</u>

On May 26, 2020, the City and Thompson filed their respective Answers to Plaintiff's Complaint for Damages.[15]   In the City's pleading, it raised six affirmative defenses, two of which are at issue in this briefing: (1) no causation between the acts alleged and the damages claimed; and (2) failure to mitigate damages.[16]   In Thompson's answer, he also raised the affirmative defense of failure to mitigate.[17]

    3.     <u>Defendants Have Not Provided Evidence to Support their Affirmative Defenses</u>

---

[10] *Id.* at Ex. 2.
[11] *Id.* at Ex. 3, 100:7-20.
[12] *Id.* at Ex. 3, 102:6-17.
[13] Docket ("Dkt.") No. 2.
[14] *Id.*
[15] Dkt. Nos. 6; 7.
[16] Dkt. No. 6.
[17] Dkt. No. 7.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES

3 of 11 | No. 3:20-cv-05467-BHS



4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

1

2

3          Following receipt of defendants' Answers, the Court issued an Initial Pretrial

4    Scheduling Order on July 1, 2020.[18] In its order, the Court set numerous expected deadlines,

     including that of the Expert Witness Disclosure deadline for December 24, 2020.[19]

5          On December 24, 2020, in accordance with the case scheduling order, Plaintiff disclosed

6    mental health/trauma expert Phoebe Mulligan's written report, in which she opined that

7    Rebecca suffered PTSD as a result of the July 2018 sexual assault.[20] Despite being fully aware

8    of the claims brought by Rebecca, as well as their respective affirmative defenses, both the City

9    and Thompson allowed the Expert Disclosure Deadline to pass without naming a single liability

10   or damages expert.

11         On January 19, 2021, Plaintiff served Defendant City of Tacoma with her first

12   interrogatories and requests for production.[21] Within the discovery set, Plaintiff requested more

13   information regarding the City's affirmative defenses:

14         **INTERROGATORY NO. 18:** If you are asserting any affirmative
           defense(s) to the Complaint in this action, please identify each affirmative
15         defense and explain the factual basis for it.[22]

16         In response, on February 19, 2021, the City reiterated the same affirmative defenses it

17   plead in its Answer several months prior.[23]  In addition, the City also provided more information

18   regarding the factual basis for its claims:

19         <u>**No Causation**</u>: *Plaintiff claims to have sustained PTSD as a result of Tel
           Thompson's actions*. Thompson [sic] was not acting within the course or
20         scope of his employment as a police officer when he engaged in this
           conduct. *This answer will be supplemented by Dr. Robinson's opinions as
21         contained in his report to be provided by February 25, 2021, per the court's
           order.*
22

23                            *            *            *

24   _____
     [18] Dkt. No. 11.
25   [19] *Id.*
     [20] NBD Decl. at Ex. 6.
26   [21] *Id.* at Ex.7.
     [22] *Id.*
     [23] *Id.* at Ex. 8.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES

COCHRAN
DOUGLAS
Attorneys at Law

4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Failure to Mitigate**: Plaintiff has testified that the limited counseling she obtained was helpful, although plaintiff failed to appear for 6 of the 12 visits she had scheduled with a counselor. *Plaintiff stopped counseling because of monetary concerns, but did not explore any options to obtain the necessary counseling from a provider who provides such services on a sliding scale.*

(emphasis added).[24]

On February 25, 2021, the City disclosed Douglas Robinson, MD, as a ***rebuttal*** expert witness in this matter.[25]  According to the City's disclosure, Dr. Robinson was retained to rebut the expert testimony regarding Plaintiff's mental state offered by Plaintiff's expert, Phoebe Mulligan.[26]

To date, Defendant Thompson has failed to disclose any expert testimony whatsoever.

### III.   EVIDENCE RELIED UPON

This motion relies upon the Declaration of Nicholas B. Douglas In Support of Plaintiff's Motion for Partial Summary Judgement; and the pleadings, exhibits, and documents already on file in this matter.

### IV.   LEGAL ARGUMENT

**A.   Legal Standard**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Rockwell Intern. Corp. v. U.S.*, 147 F.3d 1358, 1361 (Fed. Cir. 1998) (citing *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985)); Fed. R. Civ. P. 56(c).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) (the existence of a scintilla of evidence that is merely colorable is not sufficient to present

---

[24] *Id.*
[25] Dkt. No. 27.
[26] *Id.*

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES



4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

a genuine issue of material fact); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (summary judgment should be granted where the nonmoving party fails to offer any material evidence from which a reasonable jury could return a verdict in its favor). The Supreme Court has emphasized that summary judgment is not "a disfavored procedural shortcut, but rather . . .  an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1987) (quoting Fed. R. Civ. P. 1).

**B.     Two of Defendants' Affirmative Defenses Should Be Dismissed**

This motion moves the Court to dismiss two separate affirmative defenses, both of which defendants bear the burden of proof on each element of that defense.  *See Haslund v. Seattle*, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976); *Queen City Farms v. Central Nat'l Ins.*, 126 Wn.2d 50, 97, 882 P.2d 703 (1994). The Court should grant summary judgment and dismiss defendants' affirmative defenses because neither defendant can provide competent evidence to support essential elements of the defenses under Washington law.

1.     <u>No Causation</u>

"The causal relationship of an accident or injury to a resulting physical condition must be established by medical testimony beyond speculation and conjecture." *Miller v. Staton*, 58 Wn.2d 879, 886, 365 P.2d 333, 337 (1961). "Less certain evidence, such as may, might, could or possibly, does not provide enough guidance to a jury to remove the decision making process from speculation and conjecture." *Bruns v. PACCAR, Inc*., 77 Wn. App. 201, 215, 890 P.2d 469 (1995) (emphasis added).

"Testimony that goes no further than to indicate that the injury might have caused the condition is insufficient; there must be some evidence of probative value that removes the question of causal relation from the field of speculation and surmise." *Zipp v. Seattle School Dist. No. 1*, 36 Wn. App. 598, 676 P.2d 538 (1984) (citing *Jacobson v. Department of Labor and Indus.*, 37 Wn.2d 444, 451, 224 P.2d 338 (1950)).



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

In this case, Defendant City of Tacoma has failed to present any valid expert medical testimony regarding its "no causation" affirmative defense.

Plaintiff anticipates the City arguing that its rebuttal expert Dr. Douglas Robinson's opinion helps it meet its burden, but rebuttal evidence may not be used to establish a case-in-chief. *Alsadi v. Intel Corp.*, CV-16-03738-PHX-DGC, 2019 WL 4849482, at *12 (D. Ariz. Sept. 30, 2019) ("[R]ebuttal evidence may be used to challenge the evidence or theory of an opponent – and not to establish a case-in-chief." citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); see *Ellis v. Corizon, Inc.*, No. 1:15-CV-00304-BLW, 2018 WL 6268199, at *5 (D. Idaho Nov. 30, 2018) (precluding the plaintiff's rebuttal expert from testifying in the case-in-chief and noting that if defendants decided not to present their experts at trial, the plaintiff would be foreclosed from putting his rebuttal expert on the stand); *Danganan v. Am. Family Mut. Ins.*, No. 2:17-CV-02786-RFB-PAL, 2018 WL 3660198, at *4 (D. Nev. Aug. 2, 2018) (same); *Kirksey v. Schindler Elevator Corp.*, No. CV 15-0115-WS-N, 2016 WL 5213928, at *17 (S.D. Ala. Sept. 21, 2016) (same); *Palm Capital, LLC v. Travelers Prop. Cas. Co. of Am.*, No. CV-15-6385-DMG (PJWx), 2017 WL 5665010, at *2 (C.D. Cal. Apr. 3, 2017) (holding that the plaintiff would "be limited to using its rebuttal experts for just that – rebuttal – and may not call upon them to testify in its case-in-chief"); *Grove City Veterinary Serv., LLC v. Charter Practices, Int'l LLC*, No. 3:13-CV-2276-AC, 2016 WL 1573830, at *16 (D. Or. Apr. 19, 2016) (explaining that rebuttal testimony is not "an opportunity for the correction of any oversights in the plaintiff's case in chief") (citation omitted); *Sharma v. City of Vancouver*, No. C06-5688BHS, 2008 WL 11343467, at *2 (W.D. Wash. June 17, 2008) ("Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to truly rebut such testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only after Defendants' experts have testified."); *Santiago v. Select Portfolio Servicing, Inc.*, No. CV07-262-S-EJL, 2008 WL 4411392, at *5 (D. Idaho Sept. 25, 2008) ("Plaintiff will not be allowed to ... use the rebuttal expert in her case-in-chief, instead,



4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

such an expert witness, if any, shall only be called as a rebuttal witness."); *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, No. C-93-20326 RPA, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) ("[A] party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter. A party who forgoes designating experts on the initial disclosure date will thus find itself in a purely reactive mode, greatly restricted in its ability to offer expert testimony.").

For the same reason, district courts are "not required to consider rebuttal expert reports from a non-moving party at the summary judgment phase." *Ellis*, 2018 WL 6268199, at *4. "Rule 56 motions are designed to test the sufficiency of the non-moving party's case-in-chief, and weed out cases which cannot be successfully presented at trial[,] ... and the "purpose of Rule 56 is best served by only considering evidence which the non-moving party could properly submit as part of its case-in-chief." *Id.*; *Alsadi*, 2019 WL 4849482, at *14 (limited the testimony of rebuttal experts to the non-moving party's rebuttal case at trial); see *Daggett v. United States*, No. 08-21026-CIV, 2010 WL 11553196, at *1 (S.D. Fla. Feb. 4, 2010) ("the plaintiffs cannot rely on experts designated solely as rebuttal experts in their case-in-chief to try to avoid summary judgment"); *Waste Servs., Inc. v. Waste Mgmt., Inc.*, No. 06-320, 2006 WL 5109230 at *1 (M.D. Fla. Dec. 1, 2006) (disallowing testimony of rebuttal expert on matters on which the plaintiff has the burden of proof at trial).

Ipso facto, the City's affirmative defense of "No Causation" should be dismissed accordingly.

2.   <u>Failure to Mitigate</u>

In their respective Answers, Defendants City of Tacoma and Thompson both raise the affirmative defense of failure to mitigate.

As this Court is likely well aware, "[a]n injured person may not recover damages proximately caused by that person's unreasonable failure to mitigate." *Fox v. Evans,* 127 Wn. App. 300, 301 (2005) (citation omitted).  "The burden of proving failure to mitigate is on the



party whose wrongful conduct caused the damage." *Bernsen v. Big Bend Elec. Co-op., Inc.*, 68 Wn. App. 427, 435 (1993).  Here, the defendants have presented no evidence that Rebecca Leeper contributed to her damages due to any *unreasonable* action of her own.  After being sexually assaulted and publicly humiliated in front of her co-workers, Rebecca sought treatment sessions with a mental health counselor. No reasonable jury could find that Rebecca acted unreasonably given her circumstances. The defendants, likewise, have presented no expert support for this defense.  The Court should grant summary judgment and dismiss this affirmative defense because that claim is not viable under Washington law.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant her motion for partial summary judgment regarding defendants' affirmative defenses (1) no causation and (2) failure to mitigate.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES



4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

1    DATED this 8th day of April, 2021.

2

3                                   **COCHRAN DOUGLAS, PLLC**

4                           By:

5                                   Loren A. Cochran, WSBA No. 32773
                                    Nicholas B. "Cole" Douglas, WSBA No. 49786
6                                   4826 Tacoma Mall Blvd, Suite C
                                    Tacoma, Washington 98409
7                                   253-472-7777
                                    loren@cochrandouglas.com
8                                   cole@cochrandouglas.com
                                    Attorney for Plaintiffs
9

10                                  **BRUMLEY LAW FIRM, PLLC**

11                          By:      /s/ Joshua Brumley

12                                  Joshua R. Brumley, WSBA No. 49851
                                    1303 Central Avenue South, Suite 201
13                                  Kent, Washington 98032
                                    253-236-4079
14                                  Joshua@Brumleylawfirm.com
                                    Attorneys for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES

**COCHRAN DOUGLAS**
Attorneys at Law

4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com

1

## CERTIFICATE OF SERVICE

2

3    I, **Kim Snyder**, hereby declare under penalty of perjury under the laws of the State of

4    Washington and the United States of America that I am employed at Cochran Douglas, PLLC

5    and that on today's date, I served the foregoing via email and ECF by directing delivery to the

6    following individuals:

7            Jean Homan, WSBA No. 27084
             Tacoma Municipal Building
8            747 Market Street
             Room 1120
9            Tacoma, WA 98402
             253-591-5885
10           JHOMAN@ci.tacoma.wa.us
             Attorney for Defendant City of Tacoma
11
             Shannon Trivett, WSBA No. 46689
12           Robin Phillips, WSBA No. 17947
             601 Union St Ste 2600
13           Seattle, WA 98101-4000
             United States
14           (206) 624-1230
             trivett@lasher.com
15           phillips@lasher.com
             Attorneys for Defendant Tel Thompson
16

17       DATED this 8th day of April, 2021.

18

19

20

21                                    **By:**   /s/ Kim Snyder
                                              _____
22                                            Kim Snyder

23

24

25

26

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANTS'
AFFIRMATIVE DEFENSES



4826 Tacoma Mall Blvd., Suite C
Tacoma, WA 98409
www.cochrandouglas.com