UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA J. LEEPER, | CASE NO. C20-5467 BHS-DWC |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CITY OF TACOMA, et al. | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 50, and Plaintiff Rebecca Leeper's objections to the R&R, Dkt. 51.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

In April 2020, Leeper sued Defendants City of Tacoma, Tel Thompson (a former Tacoma Police Department officer), and John Does 1–5 for Thompson's alleged sexual assault of Leeper while she was working as an employee at Fred Meyer and Thompson served as an off-duty officer at the store. Dkt. 1-1. Leeper brings claims against Thompson for violations of her Fourteenth Amendment rights under 42 U.S.C. § 1983, assault and battery, and intentional infliction of emotional distress. *Id.* Against the City

ORDER - 1

1    and Doe Defendants, she alleges violations of her Fourteenth Amendment rights under

2    *Monell v. Department of Social Services*, 436 U.S. 658 (1978), negligent and grossly

3    negligent hiring, training, and supervision, negligent infliction of emotional distress, and

4    respondeat superior. *Id.*

5        Leeper filed a motion for partial summary judgment, seeking an order that

6    Defendants' affirmative defenses of (1) no causation and (2) failure to mitigate are

7    legally deficient. Dkt. 31. The City and Thompson then filed a joint motion for summary

8    judgment as to all of Leeper's claims against the City and as to all of her claims against

9    Thompson, save for her claims of assault and battery and intentional infliction of

10   emotional distress. Dkt. 33.

11       On June 10, 2021, Judge Christel issued the instant R&R, recommending that the

12   Court grant Defendants' motion for summary judgment and dismiss the City and Doe

13   Defendants from the case. Dkt. 50. The R&R further recommended that the Court deny

14   as moot Leeper's motion for partial summary judgment as to causation but grant her

15   motion as to failure to mitigate. *Id.* On June 18, 2021, Leeper objected to the R&R,

16   arguing in part that the R&R did not view the facts in the light most favorable to her, the

17   non-moving party, and that the questions of material fact preclude summary judgment.

18   Dkt. 51. On July 8, 2021, Defendants responded. Dkt. 53.

19                      **II.    DISCUSSION**

20   **A.    Standard**

21       The district judge must determine de novo any part of the magistrate judge's

22   disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**B.     42 U.S.C. § 1983 Claims**

   **1.  Claim Against Thompson**

Leeper first objects to the R&R's conclusion that Thompson was not acting under color of state law, arguing that the R&R failed to view the evidence in the light most favorable to her, the non-moving party, and that the R&R erred in the application of law. Dkt. 51 at 3–6. When Thompson allegedly assaulted Leeper, he was providing security services at the Fred Meyer where Leeper worked. Dkt. 41 at 2. Tacoma Police Department ("TPD") policy allows officers to engage in police-related secondary employment where officers utilize their police powers to provide services for private employers. Dkt. 43, Ex. 2, at 119:5–19. In order to state a claim under § 1983, a plaintiff must show a constitutional violation and that the alleged deprivation of rights "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The R&R concluded that Thompson was not acting under color of law. Dkt. 50 at 4–8.

The Ninth Circuit has developed a three-part test for determining whether an off-duty officer has acted under the color of state law. The officer must have: "(1) acted or pretended to act in the performance of his official duties; (2) invoked his status as a law enforcement officer with the purpose and effect of influencing the behavior of others; and (3) engaged in conduct that 'related in some meaningful way either to the officer's governmental status or to the performance of his duties.'" *Hyun Ju Park v. City & Cnty.*

*of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006)).

The R&R concluded that Thompson was not acting under color of law because he "was not exercising or purporting to exercise his official responsibilities, he did not identify himself as an officer, display his badge, or 'specifically associate' his actions with his law enforcement duties, and he did not use his official status to deprive [Leeper] of her constitutional rights." Dkt 50 at 8.

The Court agrees with the R&R's ultimate conclusion that Thompson was not acting under color of law. Thompson was off duty at Fred Meyer when the assault occurred. Notably, however, Thompson wore his full uniform and everything he would typically wear when on duty with TPD while working at Fred Meyer, including carrying his service pistol and handcuffs. Dkt. 43, Ex. 12, Deposition of Tel Thomson, at 45:21–46:19. Thompson also did not indicate any differences between his duties specific to Fred Meyer and his duties as an active TPD officer. *See id.* at 54:12–22. The Court declines to adopt the R&R's analysis that Thompson did not identify himself as an officer or display his badge because Thompson was wearing his full TPD uniform while working off duty.

But the fact that Thompson was identifiable as an officer because he was wearing a uniform and badge does not result in Thompson acting under color of law. *See Watkins v. Oaklawn Jockey Club*, 183 F.2d 440, 443 (8th Cir. 1950) (fully-uniformed, off-duty officer not acting under color of law). Viewing the evidence in the light most favorable to Leeper, the Court concludes that there is no question of material fact here. While Thompson may have acted or pretended to act in the performance of his official duties by

wearing his uniform, there is no evidence from which a jury could decide that Thompson used his official status to influence the behavior of others when the alleged assault occurred. *Cf. Anderson*, 451 F.3d at 1069. The Court further agrees with the R&R that Thompson did not specifically associate his actions with his law enforcement duties. In sum, Leeper has not met her burden to establish that Thompson was acting under color of law to preclude summary judgment.

The Court therefore adopts the R&R as to this issue.

**2. *Monell* Liability**

Leeper next objects to the R&R's recommendation to grant Defendants' motion as to her § 1983 *Monell* claim against the City. Dkt. 51 at 6–7. She argues that the R&R again failed to view the evidence in the light most favorable to her and that there are genuine issues of material fact precluding summary judgment. *Id.* To maintain a claim against the City for Thompson's asserted constitutional violations, there must be a "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The R&R concluded that Leeper failed to present specific and significant evidence of an official policy or custom of the City ignoring complaints about Thompson's sexual harassment. Dkt. 50 at 10. The R&R also concluded that Leeper failed to identify any authorized decision makers who endorsed such a custom or policy. *Id.* at 11.

Even if the R&R erred in concluding that Leeper failed to present evidence sufficient to create a genuine dispute of material fact as to whether there was an official policy or custom of ignoring complaints about Thompson, the Court agrees that Leeper

failed to identify any authorized decision makers. A custom or policy of inaction "must be the result of a 'conscious' or 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Lee v. City of L.A.*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *City of Canton*, 489 U.S. at 389 and *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)). Neither Leeper's objections nor her response to Defendants' motion addresses whether the purported policy of inaction was made by officials responsible for establishing final policies. *See* Dkt. 51 at 6–7; Dkt. 41 at 24–26. The Court therefore adopts the R&R as to this issue.

**C.    Negligence-Based Claims**

Additionally, Leeper argues that the R&R erred in dismissing her negligent retention and supervision claim against the City because foreseeability is a question for the trier of fact. Dkt. 51 at 7. However, Leeper raised this argument in opposition to Defendants' motion, and foreseeability was considered by the R&R. *Compare id. with* Dkt. 41 at 30. Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases). The Court agrees with the R&R that there are no questions of material facts as to whether the City negligently supervised Thompson. The Court therefore adopts the R&R as to this issue.

Similarly, the Court agrees with the R&R's conclusion to grant summary judgment as to Leeper's negligent infliction of emotional distress claim. Dkt. 50 at 14–

15. The R&R concluded that Leeper could not maintain her negligent infliction of emotional distress claim because it determined that the City did not negligently supervise Thompson. *Id.* Leeper's objections do not challenge this conclusion and rather focus on the objective symptomatology she has suffered as a result of Thompson's alleged assault. Dkt. 51 at 7–8. The Court therefore adopts the R&R as to this issue.

Leeper's objections to the R&R's conclusion to deny as moot her motion for partial summary judgment as to Defendants' no causation affirmative defense fare no better. *See* Dkt. 51 at 8–9. The R&R recommended denying her motion for partial summary judgment because all of her claims against the City had been dismissed. Dkt. 50 at 17. As the Court agrees with the R&R's recommendation and analysis as to Leeper's claims against the City, it also agrees that her motion for partial summary judgment as to causation should be denied as moot. The Court therefore adopts the R&R as to this issue.

### III.  ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)  The R&R is **ADOPTED**;

(2)  Defendants' motion for summary judgment, Dkt. 33, is **GRANTED**;

(3)  Leeper's motion for partial summary judgment, Dkt. 31, is **GRANTED in part** and **DENIED as moot in part**;

(4)  The Clerk shall terminate the City and Doe Defendants as parties in this action; and

1     (5)     The remaining parties shall submit a joint status report regarding trial availability and trial length within thirty days of the entry of this Order.

Dated this 28th day of September, 2021.

*/s/ Benjamin H. Settle*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8