UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA J. LEEPER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF TACOMA, et al.,<br><br>　　　　　Defendant. | CASE NO. 3:20-CV-5467-BHS-DWC<br><br>REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND TO STAY<br><br>Noting Date: December 31, 2021 |

The District Court referred this case to United States Magistrate Judge David W. Christel. Dkt. 5. Currently pending before the Court are Plaintiff's Motion for Judgment Pursuant to Fed. R. Civ. P. 54(b) and Request for Stay Pending Appeal (Dkt. 57), and Defendant Tel Thompson's Motion to Dismiss (Dkt. 60).

## BACKGROUND

On April 13, 2020, Plaintiff Rebecca Leeper filed a Complaint for Damages against Defendants City of Tacoma, Tel Thompson, and John Does 1-5 in Pierce County Superior Court. Dkt. 1-1. The Complaint was removed to this Court on May 19, 2020. Dkt. 1.

1    In her Complaint Plaintiff pled 42 U.S.C. §1983 claims against Defendant Thompson (claim 1) and the City of Tacoma (claim 2). She brought Negligence and Gross Negligence claims against the City of Tacoma and John Does 1-5 for the negligent hiring, training and supervision of its employees and agents (claim 3). In addition, Plaintiff brought claims against Defendant Thompson for Assault and Battery (claim 4) and Intentional Infliction of Emotional Distress (claim 5). Finally, Plaintiff brought claims against the City of Tacoma for Negligent Infliction of Emotional Distress (claim 6) and Respondeat Superior (claim 7).

On April 8, 2021, Plaintiff filed a Motion for Partial Summary Judgment, seeking an order that Defendants' affirmative defenses were legally deficient. Dkt. 31. The City of Tacoma filed a response in opposition (Dkt. 35) and Defendant Thompson filed a response joining, in part, the City's response (Dkt. 37). Plaintiff filed a reply. Dkt. 38.

On June 10, 2021, the undersigned issued a Report and Recommendation granting summary judgment in favor of all Defendants on claims 1, 2, 3, 6, and 7, thereby dismissing the City of Tacoma and John Does as parties, and leaving only Plaintiff's state law claims for Assault and Battery (claim 4) and Intentional Infliction of Emotional Distress (claim 5) against Defendant Thompson. Dkt. 50. The Report and Recommendation also granted Plaintiff's Motion for Partial Summary Judgment as to Defendant Thompson regarding his affirmative defense that Plaintiff failed to mitigate damages. *Id*.

On September 28, 2021, The Honorable Benjamin Settle issued an order adopting the Report and Recommendation. Dkt. 56.

On October 28, 2021, Plaintiff filed the pending Motion for Judgment Pursuant to FRCP 54(b) and Request For Stay Pending Appeal. Dkt. 57. The same day, Defendant Thompson filed

a Motion to Dismiss the remaining state law claims against him with leave to refile in state court. Dkt. 60. Both motions were re-noted for consideration on or after November 19, 2021.

STANDARD

When a case involves multiple claims for relief or multiple parties, Federal Rule of Civil Procedure (Fed. R. Civ. P.) 54(b) allows a court to grant entry of final judgment on some—but not all—claims for relief "only if the court expressly determines that there is no just reason for delay."

Claims certified under Fed. R. Civ. P. 54(b) do not have to be separate and independent of any claims remaining in a case, but certification is scrutinized to "prevent piecemeal appeals in cases which should only be reviewed as single units." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).

Whether it is appropriate to certify a judgment for appeal under Fed. R. Civ. P. 54(b), requires a court to first determine that it has issued a final judgment—a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 7. If the court has issued a final judgment on those claims, it must next determine "whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878, 882 (9th Cir. 2005)(observing that in cases where common factual issues abound, the entry of a Rule 54(b) partial final judgment should be reserved for complex and distinct legal issues).

Determining if there is any just reason for delay requires a court to consider "judicial administrative interests" and the equities involved. *Curtiss-Wright*, 446 U.S. at 8. Factors to consider in making this determination include whether the dismissed claims are separable from the remaining claims and whether granting certification will result in an appellate court having to issue multiple decisions on the same issue of law or fact. *Id.*

REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR ENTRY OF FINAL
JUDGMENT AND TO STAY - 3

1       The presence of one of these factors is not dispositive but should go to the weight of the decision making. *Id*. 8 at n.2. To warrant Rule 54(b) certification, claims should be "truly separable." *See Wood*, 422 F.3d at 879–80. Similarity of legal or factual issues weighs heavily against granting certification for appeal. *Id*.; *see also Cont'l Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)(Rule 54(b) certification is appropriate when dismissed claims are legally and factually severable from the remaining claims); *but see, Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)(Certification under Rule 54(b) is appropriate despite dismissed and remaining claims requiring proof of the same facts if it will streamline future litigation).

      It is within the Court's sound discretion "to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8; *see also Wood*, 422 F.3d at 878.

      The district court also has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *see also*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted).

///

///

DISCUSSION

Plaintiff asks this Court to enter final judgment as to the claims and parties dismissed on summary judgment (Dkt. 56), certify that the issues resolved by that judgment are appropriate for immediate review by the Ninth Circuit, and stay the remaining state court claims against Defendant Thompson pending the outcome of Ninth Circuit review. Dkt. 57. Defendant Thompson objects to this course (Dkt. 64) and argues, instead, that the Court should dismiss without prejudice Plaintiff's remaining state law claims against him (Dkt. 60).

This Court concurs with Plaintiff that entry of final judgment pursuant to Fed. R. Civ. P. 54(b) is appropriate in this case because the Court's order adopting Judge Christel's Report and Recommendation disposed of fewer than all of the claims against the parties in this action, and there is no just reason to delay appellate review.

Granting certification will not result in the appellate court having to issue multiple decisions because the legal issues Plaintiff seeks to appeal are distinct from those in the remaining state claims. Immediate appeal will also streamline future litigation, because while the legal issues are severable, both the dismissed and remaining claims turn on the same set of operative facts. And though the issues in this case are not especially complex, waiting to appeal the dismissed federal claims until after the two remaining state claims are tried poses a risk of duplicative trials with the same witnesses.

Given Defendant Thompson's preference to try the remaining claims in state court, this Court also concurs with Plaintiff that duplicative removal proceedings may be avoided by staying the case pending the outcome of immediate appellate review by the Ninth Circuit Court of Appeals. Dkt. 57 at 8. The interests of judicial economy are also best served by staying the case as it has progressed beyond the expiration of the discovery and dispositive motions

PLAINTIFF'S MOTION FOR ENTRY OF FINAL
JUDGMENT AND TO STAY - 5

deadlines, and a trial date has been set for November 22, 2022. Dkt. 62; Dkt. 63 at 8. It is unlikely appellate review will be completed by that time. Therefore, a stay pending the Ninth Circuit's ruling on Plaintiff's appeal will also help to avoid piecemeal, scattershot litigation.

Defendant Thompson argues it would be inequitable to stay this case and hold him in "legal limbo." Dkt. 64 at 5. He urges this Court to find that the two remaining state claims can be tried separately from Plaintiff's federal claims against him and the City of Tacoma because they turn on distinct legal issues. *Id.* While that may be true, holding two trials on the same set of facts (whether one of them occurs in state court or not) is judicially inefficient and financially burdensome to the parties. *See, e.g.*, *Roe v. City of Spokane*, No. CV-06-0357-FVS, 2008 WL 2705142, at *6 (E.D. Wash. Oct. 16, 2008) (granting entry of judgment under Rule 54(b) and a stay, where holding a trial could "waste judicial resources as well as the resources of the parties and their counsel"). Thus, this Court concurs with Plaintiff that staying this case pending appeal "will help conserve Defendant Thompson's limited resources and eliminate the need for a second trial if the dismissal of Plaintiff's federal claims is overturned." Dkt. 65 at 2.

Nevertheless, in the event the Ninth Circuit does not share Plaintiff's view that this Court wrongly decided the issues on appeal, when the stay is lifted Defendant Thompson may submit a renewed Motion to Dismiss and the Court will consider whether the equities favor the Court declining to "exercise its discretionary supplemental jurisdiction over the remaining state claims" as permitted by 28 U.S.C. § 1367(c)(3).[1] Dkt. 60 at 3.

---

[1] A district court has discretion whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that support a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, No. 16-460, 2018 WL 491524, 583 U.S. ----, slip. op. at *3 (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, fairness,

CONCLUSION

Based on the foregoing, the Court recommends GRANTING Plaintiffs' Motion for Judgment Pursuant to Fed. R. Civ. P. 54(b) and Request for Stay Pending Appeal (Dkt. 57), DENYING without prejudice Defendant Thompson's Motion to Dismiss (Dkt. 60), and entering final Judgment certifying the issues decided in the Court's Order Adopting Report and Recommendation (Dkt. 56) are appropriate for immediate review by the Ninth Circuit because there is no just reason for delay.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 31, 2021, as noted in the caption.

Dated this 10th day of December, 2021.

David W. Christel
United States Magistrate Judge

---

convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).