UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA J. LEEPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TACOMA, et al.,<br><br>Defendant. | CASE NO. C20-5467 BHS<br><br>ORDER |

This matter is before the Court on Plaintiff Rebecca Leeper's motion for partial summary judgment, Dkt. 88, and her motion to strike Defendant City of Tacoma's expert witnesses, Dkt. 90. The facts of the underlying dispute and procedural posture of the case are laid out in this Court's Order at Dkt. 56, as well as the Ninth Circuit's memorandum, Dkt. 75, and will not be repeated here.

Leeper seeks summary judgment on two of the City's affirmative defenses, lack of causation and failure to mitigate. Dkt. 88. She argues that Tacoma failed to present "valid expert medical testimony" that something other than Thompson's actions caused her PTSD, and asserts that Tacoma cannot rely on its rebuttal expert's opinions on that issue. *Id.* at 9–10. She argues that Tacoma "has presented no evidence that [she] contributed to

her damages due to any *unreasonable* action of her own." *Id*. at 10. She argues further that a no reasonable jury could conclude that her failure to continue counseling when her employer stopped paying was unreasonable. *Id*. at 11.

Tacoma correctly responds that causation is not an affirmative defense, but rather an element on which Leeper bears the burden of proof at trial. Dkt. 95 at 5. It argues further than Leeper failed to establish causation and that this is fatal to her case. *Id*. at 7. Regarding failure to mitigate, it asserts there is more than enough on the record to create a material question of fact of whether Leeper failed to lessen her damages from her alleged PTSD. *Id*. at 10. For example, it argues that the jury could find her skipping counseling sessions and failure to seek more economical mental health care was a failure to mitigate. *Id*. at 4, 7.

Leeper also asks the Court to strike two of the City's rebuttal expert witnesses, Ryan Spurling and Dr. Douglas Robinson, arguing that they are not offering rebuttal opinions and should have been disclosed earlier. Dkt. 90. Tacoma disclosed Spurling on January 26, 2021, Dkt. 24, and Dr. Robinson on February 25, 2021, Dkt. 27.

Tacoma responds that no rule requires it to designate a primary expert to address the opponent's expert expected opinions and evidence, but rather the defense is permitted to wait until after plaintiff's expert disclosures to disclose experts to rebut the same subjects. Dkt. 93 at 4. It also emphasizes that a court in this district wisely "decline[d] to adopt the rule that expert testimony on an anticipated portion of an opposing party's case cannot be rebuttal expert testimony." *Theoharis v. Rongen,* No. C13-1345RAJ, 2014 WL 3563386, at *4 (W.D. Wash. July 18, 2014).

ORDER - 2

## I. DISCUSSION

**1.     Leeper's motion for Partial Summary Judgment is DENIED.**

Summary judgment is appropriate where there is no genuine issue as to any material fact after the evidence and all reasonable inferences are viewed in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50 (1986); Fed. R. Civ. P. 56(c).

Tacoma correctly contends that although its answer mislabeled causation as an affirmative defense, causation is in fact an element of Leeper's prima facie case and she carries the burden of proof on it. Fed. R. Civ. P. 8(e); *see, e.g., Scott v. Blanchet High Sch.,* 50 Wash. App. 37 at 43 (1987) (discussing elements of negligent hiring or supervision claim). Leeper's motion for summary judgment on this issue is **DENIED**. Tacoma's follow-on argument that Leeper's motion fails to demonstrate causation is misplaced; she carries no such burden on her own motion for partial summary judgment on Tacoma's affirmative defenses.

Leeper's motion on Tacoma's failure to mitigate affirmative defense argues that "no reasonable jury could find that [she] acted unreasonably," given her evidence that she could not afford to continue with therapy after Fred Myer stopped paying for sessions. Dkt. 88 at 11. But the reasonableness of conduct is inherently a question for the jury. *See Sloman v. Tadlock,* 21 F.3d 1462, 1468 (9th Cir.1994) ("evaluating the reasonableness of human conduct is undeniably within the core are of jury competence"). Tacoma articulates various reasons that a jury could conclude Leeper failed to mitigate her damages, including skipping some of the therapy sessions Fred Meyer paid for, and

failing to seek economical therapy after it stopped paying. Dkt. 95 at 4, 9. Viewed in the light most favorable to Tacoma, there is a material question of fact as to whether Leeper's conduct was reasonable. Leeper's motion for partial summary judgment on this issue is **DENIED.**

2. **Leeper's motion to strike Tacoma's expert witnesses is DENIED.**

Leeper's motion to strike Tacoma's rebuttal experts is **DENIED**. Both Spurling and Robinson satisfy Rule 26's definition as experts "intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ. Pro. 26(a)(2)(D)(ii). Persuasive authority from this District and elsewhere advises that the party with the burden of proof on an issue should disclose its expert testimony before the other party is required to disclose an expert to rebut that opinion testimony. *See, e.g., Theoharis*, 2014 WL 3563386, at *4; Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26. Furthermore, and in any event, Leeper waited almost four years after the cutoff date for motions related to discovery and more than a year after remand and just weeks before trial to move to strike as untimely experts Tacoma disclosed in 2021. Any prejudice from the allegedly late disclosure could have been ameliorated if she had raised the issue much sooner. Her motion to strike is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of December, 2024.

BENJAMIN H. SETTLE
United States District Judge